UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In Re:                                                      Chapter 11

                                                            Case No. 1-17-41643-cec

JOY TAYLOR
AKA JOY-TAYLOR-SIMMONS,

                        Debtor.
---------------------------------------------------------------X
JOY TAYLOR
AKA JOY TAYLOR-SIMMONS,

                        Plaintiff,
                                                            Adv. Proc. No. 1-17-01098-cec

            -against-

THE BANK OF NEW YORK MELLON FKA
BANK OF NEW YORK AS TRUSTEE FOR THE
CERTIFICATEHOLDERS CWALT, INC.
ALTERNATIVE LOAN TRUST 2005-J12
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2005-J12 AND BAYVIEW LOAN
SERVICING, LLC

                        Defendants.
---------------------------------------------------------------X


<u>DECISION ON MOTION TO DISMISS</u>


APPEARANCES:


James J. Rufo, Esq.                          Casey B. Howard
Garvey, Cushner & Associates, PLLC           Robert H. King
50 Main Street, Suite 390                    Locke Lord LLP
White Plains, New York 10606                 Brooke Place, 200 Vesey Street
Attorney for Plaintiff Joy Taylor            New York, New York 10280
                                             Attorneys for Defendants Bank of
                                             New York Mellon and Bayview
                                             Loan Servicing, LLC


CARLA E. CRAIG
Chief United States Bankruptcy Judge

## SUMMARY

This matter comes before the Court on the motion to dismiss ("Motion to Dismiss"), filed by The Bank of New York Mellon fka Bank of New York as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-J12 Mortgage Pass-Through Certificates, Series 2005-J12 ("BONY CEWALT") and Bayview Loan Servicing, LLC ("Bayview", together with BONY CEWALT, the "Defendants"), the complaint (the "Complaint") (Pl.'s Am. Compl., ECF No. 2)[1] as amended and filed by Joy Taylor ("Plaintiff").  Plaintiff seeks declaratory judgment that the mortgage held by BONY CEWALT and serviced by Bayview is unenforceable against Plaintiff under N.Y. C.P.L.R. § 213(4), because the Defendants failed to foreclose on the mortgage within the six year statute of limitations period after they elected to accelerate the Loan in February, 2010.  Defendants filed the Motion to Dismiss, arguing that the facts pleaded in the Complaint show that the Defendants revoked the acceleration of the Loan prior to the expiration of the limitations period.

For the reasons set forth below in this, the Motion to Dismiss is granted.

## JURISDICTION

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(a), 157(a) and 157(b)(2)(B).  This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## FACTS

Plaintiff and her husband, David Simmons, are the owners of the real property located at 447 Saratoga Avenue, Brooklyn, New York 11233 (the "Property").  (Pl.'s Am. Compl. ¶ 10-11,

---

[1] All references to "ECF No." are to documents, identified by docket entry number, filed in Adversary Proceeding No. 17-01098-CEC, unless otherwise indicated.

ECF No. 2).  Plaintiff and her husband executed a note (the "Note") in favor of M.L. Moskowitz & Co. Inc. d/b/a Equity Now ("MLM") for the principal amount of $332,500 (the "Loan"), on June 22, 2005, which was secured by a mortgage on the Property granted in favor of Mortgage Electronic Registration Systems, Inc. as MLM's nominee, also dated June 22, 2005 and duly recorded on July 7, 2005 (the "First Mortgage").  (Pl.'s Am. Compl. ¶ 12, ECF No. 2).  The Note was assigned to BONY CEWALT, on June 18, 2007, which assignment was duly recorded on December 11, 2007.  (Pl.'s Am. Compl. ¶ 13, ECF No. 2).  Bayview services the Note and the First Mortgage on behalf of BONY CEWALT.  (Pl.'s Am. Compl. ¶ 14, ECF No. 2).[2]

Upon the Plaintiff's default on the Loan, BONY CEWALT commenced an action to foreclose the First Mortgage in the Supreme Court of New York, County of Kings, Index No. 004036/2010 on February 17, 2010 (the "Foreclosure Action").  (Pl.'s Am. Compl. ¶ 23, ECF No. 2).  The parties engaged in foreclosure settlement conferences as directed by the state court between July, 2010 and September 2013, after which there was no further activity in the Foreclosure Action.  (Pl.'s Am. Compl. ¶¶ 24-25, ECF No. 2).  Bayview prepared and mailed a letter, dated February 10, 2016, notifying the Plaintiff that the Loan had been de-accelerated and "re-instituted" as an installment loan (the "De-Acceleration Letter").  (Pl.'s Am. Compl. ¶ 26, ECF No. 2) (Defs.' Mot. to Dismiss, ECF No. 13, Ex. 3).  The Foreclosure Action was discontinued on July 27, 2016 (Pl.'s Am. Compl. ¶ 28, ECF No. 2), and in August, 2016, the attorneys of BONY CEWALT mailed a "Stipulation of Discontinuance" and "Stipulation

[2] The Property is encumbered by two additional mortgage liens, recorded after the First Mortgage, which are currently held by The Bank of New York Mellon fka The Bank of New York as Successor to JP Morgan Chase Bank, N.A. as Trustee for the Certificateholders of CWHEQ Revolving Home Equity Loan Trust, Series 2006-H securing the principal amount of $50,000 (the "Second Mortgage") (Pl.'s Am. Compl. ¶ 18, ECF No. 2) and Select Portfolio Servicing, Inc., securing the original principal amount of $135,446.04 (the "Third Mortgage"). (Pl.'s Am. Compl. ¶ 21, ECF No. 2).

Canceling Notice of Pendency" dated August 17, 2016 to Plaintiff's attorney.  (Pl.'s Am. Compl. ¶ 27, ECF No. 2).

Plaintiff filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 5, 2017, which lists BONY CEWALT as a secured creditor with a claim of $462,000. (Case No. 17-41643-CEC, ECF. No. 1.)   BONY CEWALT filed a proof of claim in the amount of $561,940.84 on July 7, 2017.  (Case No. 17-41643-CEC, Claim No. 7-1.)  The Plaintiff thereafter commenced this adversary proceeding seeking (1) a judgment pursuant to N.Y. C.P.L.R. § 213(4) declaring that the Note and First Mortgage are unenforceable against the Plaintiff because the six year statute of limitations period within which to foreclose the First Mortgage has expired; (2) a declaratory judgment that the six-month 'saving' provision of N.Y. C.P.L.R. § 205(a) is unavailable to the Defendants; and (3) that the Defendants' proof of claim, Claim No. 7-1, is expunged and disallowed pursuant to 11 U.S.C. § 502(b)(2).  (Pl.'s Am. Compl. ¶¶ 45-67, ECF No. 2).

Plaintiff asserts that the First Mortgage is unenforceable because the Defendants failed to perform an affirmative and unambiguous act which constituted a revocation of the acceleration of the Loan prior to the expiration of the statute of limitations period on February 17, 2016, because the Defendants did not seek to discontinue the Foreclosure Action until July, 2016, after the period had expired.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss, at 8-9, ECF No. 16).  They further assert that sending the De-Acceleration Letter, while the Foreclosure Action was still pending in state court, was not an affirmative act sufficient to revoke the acceleration of the Loan.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss, at 9, ECF No. 16).

The Defendants take the position that the De-Acceleration Letter constituted an affirmative act which revoked the acceleration of the Loan before the statute of limitation period expired. (Defs.' Mot. to Dismiss, ECF No. 13).

## DISCUSSION

A. Standard of Review

A complaint may be dismissed "for failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6), incorporated by reference in Federal Rule of Bankruptcy Procedure 7012. See Fed. R. Civ. P. 12(b)(6). See also, Fed. R. Bankr. P. 7012(b). In making its determination on a motion to dismiss, "a court must liberally construe the complaint, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff." JJCC Real Estate LLC, v. Brooklyn Renaissance, LLC (In re Brooklyn Renaissance, LLC), 556 B.R. 68, 74 (Bankr. E.D.N.Y. 2016) (citing Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir.)). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Plausibility 'depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable.'" Brooklyn Renaissance, LLC, 556 B.R. at 74 (citing Fink v. Time Warner Cable,

714 F.3d 739, 741 (2d Cir. 2013) (quoting <u>L-7 Designs, Inc. v. Old Navy, LLC</u>, 647 F.3d 419,

430 (2d Cir. 2011)).

> On a motion to dismiss the court may consider:
>
> (1) facts alleged in the complaint and documents attached to it or incorporated in
>
> it by reference, (2) documents "integral" to the complaint and relied upon in it,
>
> even if not attached or incorporated  by reference, (3) documents or information
>
> contained in defendant's motion papers if plaintiff has knowledge or possession of
>
> the material and relied on it in framing the complaint, (4) public disclosure
>
> documents required by law to be, and that have been, filed with the Securities and
>
> Exchange Commission, and (5) facts of which judicial notice may properly be
>
> taken under Rule 201 of the Federal Rules of Evidence.

<u>Weiss v. Inc. Vill. of Sag Harbor</u>, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011) (citing <u>In re Merrill

Lynch & Co., Inc.</u>, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted),

*aff'd in part and vacated in part on other grounds sub nom.*, <u>Dabit v. Merrill Lynch, Pierce,

Fenner & Smith, Inc.</u>, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71, 126 S.

Ct. 1503, 164 L. Ed. 2d 179 (2006); <u>Cortec Indus., Inc. v. Sum Holding L.P.</u>, 949 F.2d 42, 48 (2d

Cir. 1991) (internal citations omitted); <u>Brodeur v. City of N.Y.</u>, No. 04 Civ. 1859, 2005 U.S.

Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (internal citations omitted).

The Court therefore relies on the Complaint and the De-Acceleration Letter, which was

referenced in the Complaint and attached to the Motion to Dismiss, in deciding this motion.

## B.  <u>Acceleration and De-acceleration of the Loan</u>

A mortgage foreclosure action is governed by the six-year statute of limitations imposed

by New York C.P.L.R. § 213(4), which states that "an action upon a bond or note, the payment

of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein" must be commenced within six years.  The statute of limitations begins to run once the lender elects to accelerate the loan. "Once a mortgage debt is accelerated the entire amount is due and the statute of limitations begins to run on the entire debt." Assyag v. Wells Fargo Bank, N.A., 2016 N.Y. Misc. LEXIS 5249, *1-2 (Sup. Ct. 2016) (citing Wells Fargo Bank, v. Burke, 943 N.Y.S.2d 540, 542 (App. Div. 2012); EMC Mtge. Corp. v. Patella, 720 N.Y.S.2d 161, 162 (App. Div. 2001)).  "The [s]tatute of [l]imitations in a mortgage foreclosure action begins to run six years from the due date for each unpaid installment or the time the mortgagee is entitled to demand full payment, or when the mortgage has been accelerated by a demand or an action is brought."  Saini v. Cinelli Enterprises Inc., 733 N.Y.S.2d 824, 826 (App. Div. 2001) (citing Serapilio v. Staszak, 680 N.Y.S.2d 296, 297 (App. Div. 1998); Loiacono v. Goldberg, 658 N.Y.S.2d 138, 139 (App. Div. 1997); Pagano v. Smith, 608 N.Y.S.2d 268, 269 (App. Div. 1994)).

In the same manner that a mortgagee may elect to accelerate a debt, the mortgagee may also elect to revoke the acceleration, but under New York law, such revocation must occur within the six-year statute of limitations period.  "A lender may revoke its election to accelerate the mortgage through an affirmative act of revocation occurring during the six-year statute of limitations."  U.S. Bank Nat. Ass'n v. Wongsonadi, 2017 N.Y. Misc. LEXIS 1236, *3 (Sup. Ct. 2017) (citing EMC Mtge. Corp. v Patella, 720 N.Y.S.2d, at 162); see also, NMNT Realty Corp. v. Knoxville 2012 Tr., 58 N.Y.S.3d 118, 120 (App. Div. 2017)("[a] lender may revoke its election to accelerate…but it must do so by an affirmative act…during the six year statute of limitations period subsequent to the initiation of the prior foreclosure action"); U.S. Bank Nat'l Ass'n v. Deochand, 2017 N.Y. Misc. LEXIS 863, *4 (Sup. Ct. 2017) ("while a lender may

revoke its election to accelerate the mortgage debt, such recission can only be accomplished

through 'an affirmative act by the lender…,' which is made within the statute of limitations

period"). Revocation of the acceleration within the statutory period is permissible provided that

"there is no change in the borrower's position in reliance thereon". <u>Fed. Nat. Mortgage Ass 'n v</u>

<u>Mebane</u>, 618 N.Y.S.2d 88, 89 (App. Div. 1994) (citing <u>Golden v. Ramapo Improvement Corp.</u>,

432 N.Y.S.2d 238, 241 (App. Div. 1980)); <u>see also</u>, <u>Soffer v. U.S. Bank</u>, N.A., 2016 N.Y. Misc.

LEXIS 5008, *7 (Sup. Ct. 2016); <u>Bank of Am., N.A. v. Fachlaev</u>, 55 Misc. 3d 1206(A), *2 (N.Y.

Sup. Ct. 2016).

New York courts have acknowledged that the law has not specified exactly which act or

acts are sufficient to revoke acceleration. <u>See</u> <u>e.g.</u>, <u>Bank of New York v. Hutchinson</u>, 2017 N.Y.

Misc. LEXIS 3597, *18 (Sup. Ct. 2017) ("the issue of the validity of the revocation of

acceleration or de-acceleration remains an evolving issue of law"); <u>Assyag</u>. 2016 N.Y. Misc.

LEXIS 5249, at *3 ("New York courts have not addressed the issue of what constitutes proper

revocation of acceleration"). However, case law provides some examples of actions which

courts have recognized as affirmative acts of revocation, such as the voluntary discontinuance or

withdrawal of a foreclosure action (<u>Deochand</u>, 2017 N.Y. Misc. LEXIS 863, at *4); a de-

acceleration letter (<u>Fachlaev</u>, 55 Misc. 3d 1206(A), at *2); or the execution of a loan

modification agreement (<u>Hutchinson</u>, 2017 N.Y. Misc. LEXIS 3597, at *20). The following acts

have been held as insufficient to constitute revocation of the election to accelerate: "'a court's

*sua sponte* dismissal of foreclosure action,…a bank's acceptance of additional payments after the

borrower's initial default, or dismissal [of a foreclosure action] for failure to appear for a

conference or [failure] to obtain personal jurisdiction.'" <u>Assyag</u>, 2016 N.Y. Misc. LEXIS 5249,

at *3 (citing <u>Mebane</u>, 618 N.Y.S.2d, at 89; <u>Lavin v Elmakiss</u>, 754 N.Y.S.2d 741, 743 (App. Div.

2003); Clayton Nat., Inc. v. Guldi, 763 N.Y.S.2d 493, 493-94 (App. Div. 2003); EMC Mtge.

Corp., 720 N.Y.S.2d, at 162-163).

As already noted, once the mortgagee has elected to accelerate the debt, the affirmative

act of revocation must be made within the six-year statute of limitations period that was triggered

upon acceleration.  New York courts have found that revocation of acceleration is effective once

an affirmative act of revocation is completed, and that even though multiple affirmative actions

within the statutory period have been recognized as sufficient, multiple actions are not required.

See e.g. Hutchinson, 2017 N.Y. Misc. LEXIS 3597, at *21-22 (lender's execution of loan

modification and subsequent discontinuance of the foreclosure action both constituted

affirmative acts of revocation within the statutory period, but the loan modification was the "first

affirmative act" which stopped the statutory period from running); Soffer, 2016 N.Y. Misc.

LEXIS 5008, at *8 ("the defendant has revoked its election to accelerate by both affirmatively

moving to discontinue the [foreclosure action] as well as affirmatively sending the plaintiff a de-

acceleration notice prior to the lapse of the six year statutory period").

The Complaint alleges that the acceleration of the Loan was not revoked by the

Defendants.  (Pl.'s Am. Compl. ¶ 48, ECF No. 2). The Plaintiff argues that because the

Foreclosure Action was not discontinued within the statute of limitations period, the Defendants

"failed to perform a clear, unequivocal affirmative act of revocation that gave the Plaintiff actual

notice comparable to the notice given to accelerate."  (Pl.'s Opp'n to Def.'s Mot. to Dismiss, at

8, ECF No. 16).  Plaintiff further argues that even though the Defendants gave notice of their

intent to revoke the acceleration of the Loan by sending the De-Acceleration Letter, the only

"clear, unequivocal" method by which the acceleration could have been revoked would have

been by discontinuing the Foreclosure Action.  In support of this assertion, the Plaintiff cites

Hutchinson, 2017 N.Y. Misc. LEXIS 3597, *13, Bank of N.Y. Mellon v. Slavin, 41 N.Y.S.3d

408, 411 (Sup. Ct. 2016) and Burke, 943 N.Y.S.2d 540, 542-543.  Plaintiff also provided the

decision read into the record in Caneva v. Wilmington Trust National Association, et.al., Case

No. 7:16-cv-02688-CS (2017) (S.D.N.Y., July 20, 2017).  However, none of these cases stand

for the proposition that discontinuing a foreclosure action, though an affirmative act of

revocation, is the *only* clear and unequivocal manner by which acceleration of a loan may be

revoked.

　　　　In Hutchinson, the plaintiff-mortgagee voluntarily discontinued its first foreclosure action

prior to the expiration of the statutory period, after entering into a loan modification agreement

with the defendant-mortgagor.  The court recognized the loan modification as the "first

affirmative act" and the subsequent discontinuance as the "final affirmative act".  However, the

court held that upon the execution of the loan modification, under which the parties entered into

a new agreement to pay the debt pursuant to new terms and conditions, the acceleration of the

loan had been revoked and the statute of limitations was immediately tolled.  Hutchinson, 2017

N.Y. Misc. LEXIS 3597, at *21-22.

　　　　In Slavin, the court found that there was no clear, unequivocal act of revocation *at all* on

the part of the lender because "'the prior foreclosure action was never withdrawn by the lender,

but rather dismissed *sua sponte* by the court…(and) rather than seeking to revoke its election to

accelerate, the [lender] made a failed attempt…to revive the prior foreclosure action.'"  Slavin,

41 N.Y.S.3d, at 411 (citing Mebane, 618 N.Y.S.2d, at 89-90).  In addition, the court in Slavin

found that the lender's acceptance of payments under a trial modification plan, unlike in

Hutchinson, never resulted in a final modification agreement.  Id.  Burke is silent on the issue of

what constitutes an affirmative act of revocation because that issue was not before the court; it

instead discusses what constitutes an affirmative act of *acceleration*, and ultimately found that the defendant-mortgagee failed to show that the plaintiff-assignee had exercised the option to accelerate the debt.  Burke, 943 N.Y.S.2d, at 542-543.

In Caneva, the original lender commenced a foreclosure action in April, 2010 then discontinued the action in December, 2015.  Within approximately one month of discontinuing the action, the lender's servicer sent an acceleration letter to the borrower.  The assignee of the loan then commenced a second foreclosure action in May, 2016.  In response to this second action, the borrower commenced an action to quiet title against the assignees on the basis that the statute of limitations had run, because the original lender did not properly revoke the acceleration.  In its decision to deny the assignees' motion to dismiss, the court agreed with the plaintiff-borrower's contention that the defendants "did not affirmatively revoke their election to accelerate the entire debt", finding that intent to revoke the acceleration was not unambiguously expressed because "the defendants with one hand indicated their intent to [de-accelerate the debt by discontinuing the prior action]; and with the other hand indicated the opposite, that the debt remained accelerated."  Tr. of Decision at 12, Caneva v. Wilmington Trust National Association, et.al., 7:16-cv-02688-CS (2017) (No. 94).  The facts in Caneva are distinguishable from the facts alleged here, in that Defendants, after sending the De-Acceleration Letter, took no action inconsistent with revocation of acceleration.  Even though the Foreclosure Action was not discontinued until July, 2016, five months after the statute of limitations period expired, there was no activity in the Foreclosure Action after the De-Acceleration Letter was sent which would indicate that the Defendants still intended to pursue the action; indeed, there was no activity at all.  The De-Acceleration Letter was sufficient to place the Plaintiff on notice that the Defendants

intended to revoke the election to accelerate, and Defendants took no action which created ambiguity as to their intent to revoke.

Plaintiff does not dispute that the De-Acceleration Letter was sent before the statute of limitations expired. See Pl.'s Am. Compl. ¶ 26, ECF No. 2. It is well established that such a letter constitutes an affirmative act of revocation if sent before the expiration of the statutory period. See Greco v. Bank of Am., N.A., No. 16-CV-2196 (AMD), 2017 WL 1483524, *4-6 (E.D.N.Y. Apr. 25, 2017); U.S. Bank Nat'l Ass'n v. Cox, 2018 NY Slip Op 30155(U), *2 (Sup. Ct. January 24, 2018); Assyag, 2016 N.Y. Misc. LEXIS 5249, at *4; Soffer, 2016 N.Y. Misc. LEXIS 5008, at *8; Fachlaev, 55 Misc. 3d 1206(A), at *2. Plaintiff also does not allege any change in position in reliance upon the acceleration of the loan which would weigh against allowing the Defendants to revoke the acceleration at that point in time.

Therefore, accepting all the factual allegations in the Complaint as true, and drawing all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

C. The "savings" provision of N.Y. C.P.L.R. § 205(a)

Plaintiff's second cause of action seeks a determination that the six-month tolling provision of N.Y. C.P.L.R. § 205(a) is unavailable to the Defendants because, according the Plaintiff, that provision is unavailable to corporations. (Pl.'s Am. Compl. ¶ 55-59, ECF No. 2). This provision permits a plaintiff to reinstate and pursue a dismissed action within six months of its dismissal/termination, if the prior action was terminated in any manner *other than*, inter alia, voluntary discontinuance. The Defendants do not rely upon this tolling provision. Plaintiff's

second cause of action, seeking a declaratory judgment that this provision is inapplicable, therefore fails to state a claim upon which relief may be granted.

    D.   <u>Plaintiff's Third Cause of Action: Disallowance of Defendant's claim under 11 U.S.C. § 502.</u>

        Under section 502(b)(2) of the Bankruptcy Code, a claim against the bankruptcy estate will not be allowed if it would not be enforceable against the debtor or the debtor's property under applicable law.  Plaintiff seeks the disallowance of the Defendants' claim in this bankruptcy case on the grounds that the Defendants' mortgage lien is unenforceable, and in support of this, re-states the allegations upon which the first cause of action is based.  Because the third cause of action is tied to, and depends on the success of the first cause of action, which has been dismissed, it must also be dismissed.

## <u>CONCLUSION</u>

        For the reasons stated above, the Motion to Dismiss is granted with respect to the first, second and third causes of action.  A separate order will be issued.



**Dated: Brooklyn, New York**
**      May 4, 2018**

                             **Carla E. Craig**
                          **United States Bankruptcy Judge**